(No. 1034—Claimant awarded $1,417.50.)

W. T. GREIG, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

MILITARY SERVICE—*when award may be made.* Although claimant may not be entitled to an award as a matter of law, yet where he is injured while in the line of his duty, the court may on ground of equity and good conscience allow him an award, and the award fixed according to the provisions of the Workmen's Compensation act.

PUTTING & LINDGREN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a proceeding by William T. Greig to recover an award for personal injuries received by him on August 23, 1925, at Camp Grant, Illinois, in the line of duty, under the direction of the commander-in-chief of the Illinois National

Guard, in which he was an enlisted soldier in the 124th Field Artilley. The declaration filed by claimant alleges that on said date, the 124th Field Artillery of the Illinois National Guard, were holding mounting events, and the claimant was entered in one riding event; that during the running of this event the horse which claimant was riding became fractious and about one hundred yards after the start of the race claimant discovered that he was riding with one stirrup off; that he tried to control the horse, but without any result, and that he was thrown to the ground and the horse stepped on his left ankle; that immediately after the accident Major W. J. Swift, a medical officer of the 124th Field Artillery of the Illinois National Guard attended claimant and had him removed to the St. Anthony's Hospital at Rockford, Illinois; that Major W. J. Swift's report and that of the medical board of the Illinois National Guard indicates that claimant received the injuries in the line of duty as an enlisted man in the Illinois National Guard, and a statement of Dr. J. G. Meyers of Springfield, Illinois, who examined claimant on February 21, 1927, states that the use of the foot and ankle has been reduced from 75% to 85%. Claimant testified that ever since the date of the injury this ankle has caused him much pain; that he went to Mayo Brothers at Rochester, Minnesota, for an examination of this injury, and to see if he could get some relief from the pain which this injury causes him; that they were unable to do anything for him; that claimant is a single man, and at the time of his injuries his only source of income was from the Illinois National Guard; that he received about $140.00 per month and contributed to the support of his father, mother and sister, with whom he made his home.

The State of Illinois, by the Attorney General, filed a demurrer to the declaration, which, as a matter of law, is sustained. Section 143, of Chapter 129, Article 16, of Smith-Hurd's Illinois Revised Statutes, 1925, provides that the Court of Claims shall act on and adjust compensation for officers or enlisted men of the National Guard who shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the commander-in-chief. While we do not concede any legal liability on the part of the State of Illinois, in equity and good conscience, we award claimant compensation which he would be entitled to under the Workmen's Compensation Act of the

State of Illinois, as provided in Section 14d, No. 145, Chapter 48, Smith-Hurd Revised Statutes, 1925, basing claim on 75% permanent injury to use of foot, or $1,417.50.